IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THADDEUS RICHMOND, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| vs. | ) | Judge |
| | ) | |
| CITY OF CHICAGO DETENTION AIDE | ) | Magistrate Judge |
| SMITH, DETENTION AIDE BARNES and | ) | |
| the CITY OF CHICAGO, | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

**NOW COMES** the Plaintiff, THADDEUS RICHMOND, by and through counsel Erickson & Oppenheimer, complaining against the Defendants, CITY OF CHICAGO DETENTION AIDES SMITH and BARNES and the CITY OF CHICAGO, as follows:

## INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. §1983 to address deprivations of Plaintiff's rights under the Constitution of the United States.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 and 1988; 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under 28 U.S.C. § 1367(a).

## VENUE

3. Venue is proper under 28 U.S.C. Section 1391 (b). All of the parties reside in this judicial district and the events described herein all occurred within this district.

## THE PARTIES

4. The Plaintiff, THADDEUS RICHMOND is a resident of the Northern District of Illinois.

5. Defendant CITY OF CHICAGO DETENTION AIDE SMITH, was at all relevant times a duly appointed City of Chicago Detention Aide, and at all relevant times, was acting within the scope of his employment and under color of law.

6. Defendant CITY OF CHICAGO DETENTION AIDE BARNES, was at all relevant times a duly appointed City of Chicago Detention Aide, and at all relevant times, was acting within the scope of his employment and under color of law.

7. Defendant CITY OF CHICAGO is a municipal corporation duly incorporated in the state of Illinois and is the employer of Defendant CITY OF CHICAGO DETENTION AIDES SMITH and BARNES.

## FACTS

8. On or about August 25, 2018, following his arrest, Plaintiff Richmond was transported to the Chicago Police Station located at 7808 S. Halsted in Chicago, Illinois.

9. Shortly after Richmond's arrival, in the intake area of the station, Richmond used a telephone to call a family member.

10. Defendant Smith disconnected the phone while Richmond was still on the call.

11. Richmond then pushed papers from the desk onto the floor.

12. In response, Defendants punched Plaintiff Richmond about his head and body repeatedly.

13. As a result of the beating, Plaintiff Richmond sustained psychical injuries, pain and suffering and emotional distress.

## COUNT I - FOURTH AMENDMENT – EXCESSIVE FORCE

14. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

15. The actions of the Defendant as set forth hereto constitute a violation Plaintiff Richmond., thus violating his 4th Amendment rights under the United States Constitution and 42 U.S.C. Section 1983.

16. The actions of Defendants as set forth herein constitute excessive force.

17. Said actions of the Defendant were intentional, willful and wanton and committed with reckless disregard for Plaintiff's rights.

18. Said actions of the Defendant were objectively unreasonable under the circumstances.

19. As a direct and proximate consequence of the Defendant's conduct, Plaintiff suffered damages, including without limitation violations of his constitutional rights, emotional anxiety, fear, pain and suffering.

   **WHEREFORE**, the Plaintiff prays for judgment against Defendants Smith and Barnes for an award of reasonable compensatory and punitive damages, plus attorneys' fees and costs.

## COUNT II—INDEMNIFICATION

20. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

21. At all relevant times, Defendant City of Chicago was the employer of Defendants Smith and Barnes.

22. Defendants Smith and Barnes committed the acts alleged above under the color of law and in the scope of their employment as a City of Chicago employee.

23. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

24. As a proximate cause of Defendant Smith and Barnes' unlawful acts, which occurred within the scope of their employment, Plaintiff was injured.

   **WHEREFORE**, should Defendant Smith and Barnes be found liable on one or more of the federal claims set forth above, Plaintiff demands, pursuant to 745 ILCS 10/9-102, that Defendant City of Chicago be found liable for any compensatory judgment Plaintiff obtains against said Defendant(s), plus attorneys' fees and costs awarded and such other and additional relief that this Court deems equitable and just.

## COUNT III – BATTERY (state law claim)

25. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

26. Defendants Smith and Barnes knowingly and without legal justification caused bodily harm to Plaintiff.

27. Defendant Smith and Barnes' contact with Plaintiff was unauthorized and constituted an offensive touching.

28. Defendant Smith and Barnes' conduct was malicious, willful and wanton.

29. As a direct and proximate cause of the conduct of Defendants Smith and Barnes, Plaintiff suffered injuries, including without limitation physical harm and pain, emotional distress and anguish, and financial damages.

**WHEREFORE**, the Plaintiff prays for judgment against Defendants Smith and Barnes for an award of reasonable compensatory and punitive damages, plus costs.

## COUNT IV—*RESPONDEAT SUPERIOR*

30. Each of the paragraphs above is incorporated by reference as though fully stated herein.

31. In committing the acts alleged in the preceding paragraphs, the individual Defendant was an agent of the City of Chicago was acting at all relevant times within the scope of his employment and under color of law.

32. Defendant City of Chicago is liable as principal for all torts committed by its agents.

WHEREFORE, should Defendants Smith and Barnes be found liable on one or more of the state claims set forth above, Plaintiff demands that, pursuant to *respondeat superior*, Defendant City of Chicago be found liable for any compensatory judgment Plaintiff obtains against said Defendant(s), as well as costs awarded.

## JURY DEMAND

The Plaintiff requests a trial by jury.

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorneys' fees have been assigned to counsel.

Respectfully submitted,

/s/ Abby D. Bakos

Erickson & Oppenheimer, Ltd.
223 West Jackson Boulevard, Suite 200
Chicago, Illinois 60606
Telephone: (312) 327-3370
Email: abakos@eolawus.com